

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**NATHAN WHIDDON**                              **PLAINTIFF**

Versus                                               CAUSE NO. 1:18cv133 LG-RHW

**PICAYUNE TIRE & SERVICE, LLC;**
**VERNON CULPEPPER; and JOHN DOES #1-10**                    **DEFENDANTS**

## COLLECTIVE ACTION COMPLAINT

COMES NOW the Plaintiff, Nathan Whiddon ("Whiddon"), individually and on behalf of all others similarly situated, and files this Collective Action Complaint against Picayune Tire, LLC, Vernon Culpepper, and John Does #1-10 (hereinafter "Defendants"), pursuant to the Fair Labor Standards Act for unpaid wages and overtime compensation.

### NATURE OF LAWSUIT

1.      This is an action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") to recover from Defendants unpaid overtime compensation and other relief.

### PARTIES

2.      Plaintiff Nathan Whiddon is an adult resident citizen of Pearl River County, Mississippi.

3.      Defendant Picayune Tire & Service, LLC, ("Picayune Tire") is a limited liability company located in Pearl River County, Mississippi, with its principal place of business located at 608 Highway 43 North, Picayune, Mississippi 39466 and may be served with process by serving its registered agent, Vernon Culpepper, at the same address.

4. Defendant Vernon Culpepper is an adult resident citizen of Pearl River County, Mississippi, who may be served with process at 608 Highway 43 North, Picayune, Mississippi 39466.

5. John Does #1-10 are unknown affiliates, subsidiaries, parent companies, owners, board members or officers of Picayune Tire who may have employed Plaintiff, either directly or indirectly, and who may be responsible for unpaid overtime wages.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as this action arises under the FLSA, as amended (29 U.S.C. § 201, *et seq.*), and the claims to recover unpaid overtime wages, liquidated damages, and reasonable attorney's fees and costs are brought pursuant to 29 U.S.C. § 216(b) of the FLSA.

7. This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA. This Court has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

8. This Court has personal jurisdiction because Defendants reside and/or conduct business within this District.

9. Pursuant to 28 U.S.C. 1391(b), venue is proper in this district and division in which all Defendants reside.

## FACTS

10. Plaintiff Nathan Whiddon was employed by the Defendants from January of 2015 until August of 2017.

11.     The Plaintiff worked over forty (40) hours in one week for one or more weeks while employed by Defendants.

12.     The Plaintiff was paid bi-weekly in the form of a salary.

13.     At all relevant times, Defendants failed to properly compensate the Plaintiff and/or pay the Plaintiff at a rate of one and one-half (1 ½) times their regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks. As such, Defendants failed to comply with 29 U.S.C. §§ 201-209.

14.     At all material times to this action, the Defendants were covered employers as set out in Section 203 of the FLSA.

15.     At all material times to this action, the Plaintiff was an employee as that term is defined by the FLSA, 29 U.S.C. § 203(e).

16.     At all material times to this action, the Defendants were engaged in commerce within the meaning of the FLSA.

17.     Upon information and belief, at all relevant times, the Defendants had gross annual operating revenues in excess of $500,000.00, which is the threshold test for the "enterprise" requirement under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18.     All previous paragraphs are incorporated as though fully set forth herein.

19.     In addition to asserting his individual claim for unpaid wages and overtime pay, the Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who previously worked or currently work for Picayune Tire or Vernon Culpepper from January of 2015 to the present but who were not paid an overtime premium at a

rate not less than one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

20. The Plaintiff brings this case as a collective action under the FLSA to recover unpaid minimum wage, liquidated damages, statutory penalties, attorneys' fees and costs, and damages owed to the Plaintiff and all similarly situated employees of the Defendants.

21. Although the Plaintiff is unsure of the number at the time of filing this Complaint, the precise number of persons comprising the FLSA Collection Action Class can be easily identified and located using the Defendants' timesheets, payroll, time records, and other personnel records.

22. Given the composition and size of the FLSA Collective Action Class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail.

23. This action is properly maintained as a collective action because the Plaintiff is factually similarly situated to the collective action members he seeks to represent.

24. The Plaintiff is personally aware that other persons who worked for the Defendants were subject to the same withholding of overtime pay and other operational procedures.

25. The Defendants' willful and intentional failure to properly compensate these employees for overtime hours has affected the Plaintiff and all similarly situated employees of the Defendants in the same fashion.

26. Because the Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Action Class, common issues of law and fact predominate, and therefore pursuing this matter as a collective action

serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

27. The Plaintiff requests that the Court authorize notice to the members of the FLSA Collective Action Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

28. All previous paragraphs are incorporated as though fully set forth herein.

29. From at least January 2015 until August 2017, the Plaintiff was a non-exempt employee and subject to the provisions of the FLSA as it pertains to whether or not the Plaintiff was entitled to minimum wage and overtime pay for all hours over forty (40) hours worked in a given week.

30. The FLSA requires that employees be paid an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

31. The Plaintiff has not been paid overtime compensation under the FLSA at a rate of (1 ½) times his regular rate of pay.

32. The acts of the Defendants constitute a willful intentional violation of the FLSA.

## ATTORNEYS FEES AND COSTS

33. The Plaintiff is entitled to a reasonable attorney's fee and costs of this action from Defendants, pursuant to 29 U.S.C. § 216(b).

## TRIAL BY JURY

34. The Plaintiff respectfully demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Nathan Whiddon and the members of the FLSA Collective Action Class respectfully request that judgment be entered in their favor against Defendants Picayune Tire & Service, LLC, Vernon Culpepper, and John Does #1-10, and demand a judgment against the Defendants, jointly and severally, for the following:

1. All monies owed for all hours worked, including overtime wages for all weekly hours worked over forty (40) hours;

2. Liquidated damages;

3. Attorney fees and all costs of Court;

4. Pre-judgment and legal interest to which the Plaintiff and the Collective Action Class are entitled;

5. Any other relief to which the Plaintiff and Collective Action Class are entitled; and

6. The amount in controversy is anticipated to exceed $250,000.00; however, it is undetermined now due to lack of information on other potential plaintiffs.

Respectfully submitted, this the 18th day of April, 2018.

NATHAN WHIDDON, Plaintiff

By: _____
Robin L. Roberts, His Attorney

Robin L. Roberts (MB #5596)
Roberts and Associates
P.O. Box 1953
Hattiesburg, MS 39403-1953
(601) 544-0950; (601) 450-5395 (fax)
Email: robin@rablaw.net